IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER SEVEN |
| LORENZO FORMATO, JR., | : | BANKRUPTCY NO.: 5-06-bk-51289 |
| DEBTOR | : | |
| SINGER FINANCIAL CORP., | : | {**Nature of Proceeding**: Debtor's Motion to Dismiss Complaint Objecting to Discharge (Doc. #12)} |
| PLAINTIFF | : | |
| vs. | : | |
| LORENZO FORMATO, JR., | : | |
| DEFENDANT | : | **ADVERSARY NO.: 5-07-ap-50186** |

# OPINION[1]

Presently before the Court is a Motion of the Debtor to Dismiss the underlying Complaint Objecting to Discharge as being filed untimely. For the reasons provided herein, the Court will grant the Motion to Dismiss.

On August 4, 2006, the Debtor initiated his bankruptcy by filing a Chapter Eleven Petition. Thereafter, the case was converted to one under Chapter Seven on December 14, 2006. On January 10, 2007, a Notice of Chapter Seven Bankruptcy Case, Meeting of Creditors, and Deadlines was served upon all creditors and interested parties. This Notice set the deadline to file Complaints Objecting to Discharge of Debtor or to Determine Dischargeability of Certain Debts for April 8, 2007.

---

[1] Drafted with the assistance of Richard P. Rogers, Law Clerk.

[m:\users\cathy\opinions\5-07-ap-50186_Formato.wpd]

On July 13, 2007, the Debtor filed a "Motion for Discharge" requesting that the Court enter an Order granting the Debtor a Discharge. On August 1, 2007, Singer Financial Corporation (hereinafter "Singer") filed an Objection to the Motion for Discharge followed by an Objection to Discharge, again filed by Singer, on August 9, 2007. It was during a hearing on the Motion for Discharge that the Court, following a colloquy with the parties, ordered that the Objection to the Motion for Discharge filed by Singer be treated as a Complaint Objecting to Dischargeability and gave the Debtor thirty (30) days to respond. Thereafter, the Debtor filed a Motion to Dismiss the Objection to Discharge and a Memorandum in Support. The Motion to Dismiss indicates that the Complaint Objecting to Dischargeability is untimely and therefore should be dismissed.

Federal Rule of Bankruptcy Procedure 4007(c) (Determination of Dischargeability of a Debt) provides that a Complaint to Determine the Dischargeability of a Debt shall be filed no later than sixty (60) days after the first date set for the meeting of creditors under § 341(a).[2] The deadline to determine the dischargeability of certain debts was noticed to all creditors setting April 8, 2007 as that deadline. A review of the docket indicates that this Complaint was filed on July 13, 2007 and is, therefore, untimely under the applicable Federal Rules of Bankruptcy Procedure. It is for these reasons that the Court will grant the Debtor's Motion to Dismiss the Objection to Dischargeability of the Debt. With the

---

[2] While the Court determined to treat this adversary as a Complaint Objecting to Dischargeability, the Debtor has titled his Motion as one to Dismiss the "Objection to Discharge." Federal Rule of Bankruptcy Procedure 4004(a) provides the same time to permit the objection to discharge as is provided in Federal Rule of Bankruptcy Procedure 4007(c) addressing the dischargeability of debts.

docket reflecting no other reason or cause to withholding the granting of a Discharge, the Clerk is hereby directed to enter the Discharge Order forthwith.

An Order will follow.

Date: December 18, 2007

John J. Thomas, Bankruptcy Judge
(CMS)

This opinion is electronically signed and filed on the same date.